UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID C. PATKINS, | ) | No. EDCV 14-233 DMG (FFM) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | ) | |
| | ) | |
| SPEARMAN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On or about January 30, 2014, petitioner David C. Patkins ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges a conviction and sentence imposed by the Riverside County Superior Court in Case No. RIF096844 in 2002.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") petitioner filed in this Court on September 5, 2007 (Case No. EDCV 07-1124 DMG (FFM)). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Riverside County Superior Court Case No. RIF096844. *See* Prior Petition at 2. On September 14, 2011, Judgment was entered in Case No. EDCV 07-1124 DMG (FFM) denying the Prior Petition on the merits and dismissing the action with prejudice.

///

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner's prior federal habeas petition was denied on the merits.

Therefore, because the Petition now pending challenges the same conviction as petitioner's prior habeas petition in Case No. EDCV 07-1124 DMG (FFM), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. §

2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

For the foregoing reasons,

IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 19, 2014

                                  DOLLY M. GEE
                               United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
   FREDERICK F. MUMM
United States Magistrate Judge